# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| JOHN GRAINGER, *et al.*, | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 3:07-cv-91 (Phillips) |
| WAYNE SOLOMON, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on defendants Wayne and Margaret Solomon's Motion to Dismiss [Doc. 25] and plaintiffs' Motion to Consolidate and to Continue Trial Date [Doc. 35]. Defendants move to dismiss this case due to the absence of necessary parties, i.e., other investors in the oil and gas lease underlying this action. Plaintiffs move the court to consolidate this action with *Eisenberg v. Solomon*, 3:08-cv-293, assigned to the Honorable Thomas A. Varlan, United States District Judge. Plaintiffs in *Eisenberg* have likewise filed a Motion to Consolidate. [Doc. 4 in 3:08-cv-293].

A telephonic status conference was held on August 7, 2008, at which Michael K. Alston and Ryan W. Mitchem, counsel for plaintiffs; Joe Judkins, counsel for defendants Wayne and Margaret Solomon; and pro se representative Michael Bradshaw, Jr., an officer of defendant corporation Emory River Exploration, LLC ("Emory River") were present. At the hearing, the court first informed Mr. Bradshaw that he would be unable to represent the corporation. Accordingly, Mr. Bradshaw was ordered to obtain counsel within thirty days or risk an entry of default against Emory River. The court orally granted plaintiffs' Motion to Consolidate and to Continue Trial Date [Doc.

35] insofar as plaintiffs move to continue the trial date. The court now recommends that the Chief District Judge consolidate this action with *Eisenberg v. Solomon*, 3:08-cv-293. Finally, as defendants Wayne and Margaret Solomon are in favor of consolidation, defendants orally moved to withdraw their Motion to Dismiss [Doc. 25].

### *Pro Se Representation of a Corporation*

Michael Bradshaw, Jr., an apparent officer of Emory River, has heretofore purported to represent Emory River pro se, filing an answer on behalf of the corporation [Doc. 6] and making other appearances. In the Sixth Circuit, however, "a corporation must be represented in court by an attorney and may not be represented by an officer." *Harris v. Akron Dep't of Pub. Health*, 10 F. App'x 316, 319 (6th Cir. 2001); *accord, e.g.*, *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1970) ("The rule of this circuit is that a corporation cannot appear in federal court except through its attorney."). The court therefore orders Mr. Bradshaw to retain counsel to represent Emory River in accordance with this order.

### *Consolidation*

Rule 42 of the Federal Rules of Civil Procedure provides, "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 41(a). "Whether actions involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial court …." *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). "Cases should be consolidated if the

risks of prejudice and confusion are outweighed by other factors[,] including the risk of inconsistent adjudications of common factual and legal issues, the burden on parties [and] witnesses[,] and available judicial resources." *Carpenter v. GAF Corp.*, Nos. 90-3460, 90-3461, 1994 WL 47781 (6th Cir. Feb. 15, 1994) (quotation removed). Importantly,

> cases consolidated under Rule 42(a), however, retain their separate identity. [A]lthough "consolidation is permitted as a matter of convenience and economy in administration, [it] does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another."

*Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 412 (6th Cir. 1998) (inner citation removed) (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933)).

Consolidation of these actions is appropriate. An examination of the complaint in *Eisenberg v. Solomon*, Case No. 3:08-cv-293, confirms that the case involves common issues of law and fact. As in the case sub judice, the plaintiffs in *Eisenberg* allege that they hold working interests to the same oil and gas lease between the Solomons and Emory River, LLC. Plaintiffs seek similar relief due to the alleged denial of access to the leasehold estate by the Solomons.

Furthermore, it appears that consolidation would further the interests of judicial administration and economy, as proof in each case is likely to overlap heavily and involve the same witnesses. Although the present action has proceeded through the discovery stage, "the fact that the actions are at different stages of trial preparation does not preclude consolidation automatically." 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2383 (3d ed. 2008). Notably, the plaintiffs have moved for a continuance to accommodate the time period necessary for the parties in the other action to complete discovery. Finally, the risk of prejudice and confusion by consolidation appears minimal, and it should be noted that defendants Wayne and Margaret Solomon, also defendants in *Eisenberg*, do not oppose consolidation. Indeed, because the court finds that consolidation is desirable, defendants move to withdraw their Motion to Dismiss [Doc.

25]. The oral motion to withdraw is granted, and defendants' Motion to Dismiss is subject to refiling upon consolidation and further taking of discovery.

*Conclusion*

In light of the similarities and the advantages to judicial economy, the court recommends that the Chief District Judge consolidate case numbers 3:07-cv-91 and 3:08-cv-293 as they involve common questions of law and fact, with case number 3:07-cv-91 designated as the lead case pursuant to E.D. TN. LR 3.2(d)(3)(B). Plaintiffs' Motion to Consolidate and to Continue Trial Date [Doc. 35] is **GRANTED IN PART** insofar as plaintiffs move to continue the August 13, 2008 date for trial of this action. Defendants' oral motion to withdraw defendants' Motion to Dismiss is **GRANTED**, the motion to dismiss being subject to refiling upon consolidation and further discovery. The Clerk of Court is instructed to withdraw defendants' Motion to Dismiss [Doc. 25] from the record. Finally, defendant Emory River Exploration, LLC is **ORDERED** to obtain counsel within **thirty days of entry of this order** and to refile its responsive pleadings by and through counsel. Failure to so comply may result in an entry of default against the corporation.

        **IT IS SO ORDERED**.

        **ENTER:**

                s/ Thomas W. Phillips
              United States District Judge